United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO CARE CENTER, a California Limited Partnership,<br><br>    Plaintiff,<br><br>  v.<br><br>ALPHONSO JACKSON, in his capacity as Secretary of the United States Department of Housing and Urban Development,<br><br>    Defendant.<br>_____/ | No. C 06-7444 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER |

    Plaintiff San Francisco Care Center (SFCC), a California Limited Partnership that owns and operates an assisted living facility, has filed an <u>ex parte</u> application for a temporary restraining order, seeking to prevent Defendant the Department of Housing and Urban Development (HUD) from selling the mortgage on Plaintiff's property.[1]  Defendant opposes the application.  Having

---

[1] On December 6, 2006, HUD accepted sealed bids for the note on SFCC's property.  Pursuant to an agreement between the parties, HUD will not award the sale of the note to the highest bidder until Tuesday, December 12, 2006.

considered the parties' papers, the Court DENIES Plaintiff's application for a temporary restraining order.

## BACKGROUND

In June, 2002, SFCC borrowed money from a private lender to purchase the property and to build an assisted living facility. HUD insured the loan pursuant to its Nursing Home Program, Title 12 U.S.C. § 1715w. Construction of the facility began in July, 2002. Plaintiff alleges that HUD "actively interfered with and negatively impacted the construction process." Complaint at 1. Construction was completed and the facility is now occupied by senior citizens. However, Plaintiff alleges that only two-thirds of the facility is habitable because of construction defects. Its action against the construction company for those defects is set for trial in San Francisco Superior Court on May, 2007.

Beginning in 2005, the lender began increasing the amount Plaintiff needed to deposit into escrow to cover increased taxes, which Plaintiff disputed. The amount varied from month to month, and Plaintiff disputed the amount several times. Plaintiff refused to pay one amount in November, 2005 and another in April, 2006. Although Plaintiff did not pay the additional amount, it paid the remainder of its obligation on the loan. After Plaintiff refused to pay the April, 2006, $25,000 amount into escrow and HUD refused to waive Plaintiff's obligation, the lender informed Plaintiff that the loan was in default and would be assigned to HUD. HUD accepted the assignment of the loan on May 24, 2006.

SFCC alleges that at the time the loan was assigned to HUD, it "had paid all amounts actually assessed by the City and County of

2

San Francisco for the property, so there was no delinquency in the actual tax assessment." Reply at 3-4. Rather, the delinquency was based on the lender's valuation of the newly constructed building and estimated tax increase. Plaintiff alleges that the lender never communicated the increased valuation to it. Since the loan has been assigned to HUD, Plaintiff has not made any payments. However, payments have been taken from Plaintiff's Reserve for Replacement account.

Plaintiff alleges that "the assessment of an[] additional $25,000 for taxes was improper and was not a legitimate basis on which to declare a default in the Note and Deed of Trust and trigger an assignment of the Note and Deed of Trust to HUD." Reply at 5. Therefore, Plaintiff argues that HUD's decision to accept the assignment of the loan "was arbitrary and capricious because it was not based on any legitimate 'default' but rather on a default which had been fabricated by the Lender." Id.

HUD accepted sealed bids on the note and deed of trust on Friday, December 6, 2006, and will accept the highest bid on Tuesday, December 11, 2006, absent a TRO. Plaintiff argues that it will suffer irreparable harm if Defendant is allowed to sell the loan, based in part on its allegation that several of those who have visited the facility in anticipation of bidding on the loan have stated that they intend to foreclose the loan and take over operation of the facility.

## LEGAL STANDARD

A temporary restraining order may be issued only if "immediate and irreparable injury, loss, or damage will result to

3

the applicant" if the order does not issue. Fed. R. Civ. P. 65(b). To obtain a temporary retraining order, Plaintiff must establish either: (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions regarding the merits exist and the balance of hardships tips sharply in its favor. See Baby Tam & Co. v. City of Las Vegas, 154 F.3d 1097, 1100 (9th Cir. 1998); Rodeo Collection, Ltd. v. West Seventh, 812 F.2d 1215, 1217 (9th Cir. 1987).

## DISCUSSION

Putting aside the question of Plaintiff's likelihood of success on the merits, Plaintiff has not demonstrated any irreparable harm that will come from the assignment of the loan. Plaintiff argues that if the loan is sold and if the party that purchases the loan acts to foreclose the loan and to take over operation of the facility, it "will result in a major monetary loss for SFCC and the loss of a project which has taken years to develop and which now serves San Francisco's senior citizens in need of assisted living facilities." Reply at 9. However, the Ninth Circuit has held that "[m]ere financial injury . . . will not constitute irreparable harm if adequate compensatory relief will be available in the course of litigation." Goldie's Bookstore, Inc. v. Superior Court, 239 F.2d 466, 471 (9th Cir. 1984) (citations omitted).

Plaintiff's interest in the property is commercial. Further, Plaintiff has itself described the result of a sale as a "major monetary loss." The Court finds that adequate compensatory relief will be available to Plaintiff if it proceeds against HUD in

4

litigation and ultimately prevails.  Further, Plaintiff's alleged injury is based on its unsubstantiated belief that the entity that purchases the loan will indeed foreclose on the loan and attempt to take over the property.  If this does happen, Plaintiff will have an opportunity to attempt to recover compensatory damage for its losses, and the residents of the facility will be able to continue to live there under the new management.

CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for a temporary restraining order, without prejudice to Plaintiff filing a noticed motion for a preliminary injunction if appropriate.

IT IS SO ORDERED.

Dated: 12/11/06

_____
CLAUDIA WILKEN
United States District Judge

5

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO CARE CENTER, a California Limited Partnership,<br><br>    Plaintiff,<br><br>  v.<br><br>ALPHONSO JACKSON, in his capacity as Secretary of the United States Department of Housing and Urban Development,<br><br>    Defendant.<br>_____/ | No. C 06-7444 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER |

    Plaintiff San Francisco Care Center (SFCC), a California Limited Partnership that owns and operates an assisted living facility, has filed an <u>ex parte</u> application for a temporary restraining order, seeking to prevent Defendant the Department of Housing and Urban Development (HUD) from selling the mortgage on Plaintiff's property.[1]  Defendant opposes the application.  Having

---

[1] On December 6, 2006, HUD accepted sealed bids for the note on SFCC's property.  Pursuant to an agreement between the parties, HUD will not award the sale of the note to the highest bidder until Tuesday, December 12, 2006.

considered the parties' papers, the Court DENIES Plaintiff's application for a temporary restraining order.

## BACKGROUND

In June, 2002, SFCC borrowed money from a private lender to purchase the property and to build an assisted living facility. HUD insured the loan pursuant to its Nursing Home Program, Title 12 U.S.C. § 1715w. Construction of the facility began in July, 2002. Plaintiff alleges that HUD "actively interfered with and negatively impacted the construction process." Complaint at 1. Construction was completed and the facility is now occupied by senior citizens. However, Plaintiff alleges that only two-thirds of the facility is habitable because of construction defects. Its action against the construction company for those defects is set for trial in San Francisco Superior Court on May, 2007.

Beginning in 2005, the lender began increasing the amount Plaintiff needed to deposit into escrow to cover increased taxes, which Plaintiff disputed. The amount varied from month to month, and Plaintiff disputed the amount several times. Plaintiff refused to pay one amount in November, 2005 and another in April, 2006. Although Plaintiff did not pay the additional amount, it paid the remainder of its obligation on the loan. After Plaintiff refused to pay the April, 2006, $25,000 amount into escrow and HUD refused to waive Plaintiff's obligation, the lender informed Plaintiff that the loan was in default and would be assigned to HUD. HUD accepted the assignment of the loan on May 24, 2006.

SFCC alleges that at the time the loan was assigned to HUD, it "had paid all amounts actually assessed by the City and County of

San Francisco for the property, so there was no delinquency in the actual tax assessment." Reply at 3-4. Rather, the delinquency was based on the lender's valuation of the newly constructed building and estimated tax increase. Plaintiff alleges that the lender never communicated the increased valuation to it. Since the loan has been assigned to HUD, Plaintiff has not made any payments. However, payments have been taken from Plaintiff's Reserve for Replacement account.

Plaintiff alleges that "the assessment of an[] additional $25,000 for taxes was improper and was not a legitimate basis on which to declare a default in the Note and Deed of Trust and trigger an assignment of the Note and Deed of Trust to HUD." Reply at 5. Therefore, Plaintiff argues that HUD's decision to accept the assignment of the loan "was arbitrary and capricious because it was not based on any legitimate 'default' but rather on a default which had been fabricated by the Lender." Id.

HUD accepted sealed bids on the note and deed of trust on Friday, December 6, 2006, and will accept the highest bid on Tuesday, December 11, 2006, absent a TRO. Plaintiff argues that it will suffer irreparable harm if Defendant is allowed to sell the loan, based in part on its allegation that several of those who have visited the facility in anticipation of bidding on the loan have stated that they intend to foreclose the loan and take over operation of the facility.

## LEGAL STANDARD

A temporary restraining order may be issued only if "immediate and irreparable injury, loss, or damage will result to

3

the applicant" if the order does not issue. Fed. R. Civ. P. 65(b). To obtain a temporary retraining order, Plaintiff must establish either: (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions regarding the merits exist and the balance of hardships tips sharply in its favor. See Baby Tam & Co. v. City of Las Vegas, 154 F.3d 1097, 1100 (9th Cir. 1998); Rodeo Collection, Ltd. v. West Seventh, 812 F.2d 1215, 1217 (9th Cir. 1987).

## DISCUSSION

Putting aside the question of Plaintiff's likelihood of success on the merits, Plaintiff has not demonstrated any irreparable harm that will come from the assignment of the loan. Plaintiff argues that if the loan is sold and if the party that purchases the loan acts to foreclose the loan and to take over operation of the facility, it "will result in a major monetary loss for SFCC and the loss of a project which has taken years to develop and which now serves San Francisco's senior citizens in need of assisted living facilities." Reply at 9. However, the Ninth Circuit has held that "[m]ere financial injury . . . will not constitute irreparable harm if adequate compensatory relief will be available in the course of litigation." Goldie's Bookstore, Inc. v. Superior Court, 239 F.2d 466, 471 (9th Cir. 1984) (citations omitted).

Plaintiff's interest in the property is commercial. Further, Plaintiff has itself described the result of a sale as a "major monetary loss." The Court finds that adequate compensatory relief will be available to Plaintiff if it proceeds against HUD in

4

1 litigation and ultimately prevails.  Further, Plaintiff's alleged
2 injury is based on its unsubstantiated belief that the entity that
3 purchases the loan will indeed foreclose on the loan and attempt to
4 take over the property.  If this does happen, Plaintiff will have
5 an opportunity to attempt to recover compensatory damage for its
6 losses, and the residents of the facility will be able to continue
7 to live there under the new management.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for a temporary restraining order, without prejudice to Plaintiff filing a noticed motion for a preliminary injunction if appropriate.

IT IS SO ORDERED.

Dated: 12/11/06



CLAUDIA WILKEN
United States District Judge

5

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO CARE CENTER, a California Limited Partnership,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALPHONSO JACKSON, in his capacity as Secretary of the United States Department of Housing and Urban Development,<br><br>　　　　Defendant.<br>_____/ | No. C 06-7444 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER |

　　　Plaintiff San Francisco Care Center (SFCC), a California Limited Partnership that owns and operates an assisted living facility, has filed an ex parte application for a temporary restraining order, seeking to prevent Defendant the Department of Housing and Urban Development (HUD) from selling the mortgage on Plaintiff's property.[1]  Defendant opposes the application.  Having

---

[1] On December 6, 2006, HUD accepted sealed bids for the note on SFCC's property.  Pursuant to an agreement between the parties, HUD will not award the sale of the note to the highest bidder until Tuesday, December 12, 2006.

considered the parties' papers, the Court DENIES Plaintiff's application for a temporary restraining order.

## BACKGROUND

In June, 2002, SFCC borrowed money from a private lender to purchase the property and to build an assisted living facility. HUD insured the loan pursuant to its Nursing Home Program, Title 12 U.S.C. § 1715w. Construction of the facility began in July, 2002. Plaintiff alleges that HUD "actively interfered with and negatively impacted the construction process." Complaint at 1. Construction was completed and the facility is now occupied by senior citizens. However, Plaintiff alleges that only two-thirds of the facility is habitable because of construction defects. Its action against the construction company for those defects is set for trial in San Francisco Superior Court on May, 2007.

Beginning in 2005, the lender began increasing the amount Plaintiff needed to deposit into escrow to cover increased taxes, which Plaintiff disputed. The amount varied from month to month, and Plaintiff disputed the amount several times. Plaintiff refused to pay one amount in November, 2005 and another in April, 2006. Although Plaintiff did not pay the additional amount, it paid the remainder of its obligation on the loan. After Plaintiff refused to pay the April, 2006, $25,000 amount into escrow and HUD refused to waive Plaintiff's obligation, the lender informed Plaintiff that the loan was in default and would be assigned to HUD. HUD accepted the assignment of the loan on May 24, 2006.

SFCC alleges that at the time the loan was assigned to HUD, it "had paid all amounts actually assessed by the City and County of

2

San Francisco for the property, so there was no delinquency in the actual tax assessment." Reply at 3-4. Rather, the delinquency was based on the lender's valuation of the newly constructed building and estimated tax increase. Plaintiff alleges that the lender never communicated the increased valuation to it. Since the loan has been assigned to HUD, Plaintiff has not made any payments. However, payments have been taken from Plaintiff's Reserve for Replacement account.

Plaintiff alleges that "the assessment of an[] additional $25,000 for taxes was improper and was not a legitimate basis on which to declare a default in the Note and Deed of Trust and trigger an assignment of the Note and Deed of Trust to HUD." Reply at 5. Therefore, Plaintiff argues that HUD's decision to accept the assignment of the loan "was arbitrary and capricious because it was not based on any legitimate 'default' but rather on a default which had been fabricated by the Lender." Id.

HUD accepted sealed bids on the note and deed of trust on Friday, December 6, 2006, and will accept the highest bid on Tuesday, December 11, 2006, absent a TRO. Plaintiff argues that it will suffer irreparable harm if Defendant is allowed to sell the loan, based in part on its allegation that several of those who have visited the facility in anticipation of bidding on the loan have stated that they intend to foreclose the loan and take over operation of the facility.

### LEGAL STANDARD

A temporary restraining order may be issued only if "immediate and irreparable injury, loss, or damage will result to

3

the applicant" if the order does not issue. Fed. R. Civ. P. 65(b). To obtain a temporary retraining order, Plaintiff must establish either: (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions regarding the merits exist and the balance of hardships tips sharply in its favor. See Baby Tam & Co. v. City of Las Vegas, 154 F.3d 1097, 1100 (9th Cir. 1998); Rodeo Collection, Ltd. v. West Seventh, 812 F.2d 1215, 1217 (9th Cir. 1987).

## DISCUSSION

Putting aside the question of Plaintiff's likelihood of success on the merits, Plaintiff has not demonstrated any irreparable harm that will come from the assignment of the loan. Plaintiff argues that if the loan is sold and if the party that purchases the loan acts to foreclose the loan and to take over operation of the facility, it "will result in a major monetary loss for SFCC and the loss of a project which has taken years to develop and which now serves San Francisco's senior citizens in need of assisted living facilities." Reply at 9. However, the Ninth Circuit has held that "[m]ere financial injury . . . will not constitute irreparable harm if adequate compensatory relief will be available in the course of litigation." Goldie's Bookstore, Inc. v. Superior Court, 239 F.2d 466, 471 (9th Cir. 1984) (citations omitted).

Plaintiff's interest in the property is commercial. Further, Plaintiff has itself described the result of a sale as a "major monetary loss." The Court finds that adequate compensatory relief will be available to Plaintiff if it proceeds against HUD in

4

litigation and ultimately prevails.  Further, Plaintiff's alleged injury is based on its unsubstantiated belief that the entity that purchases the loan will indeed foreclose on the loan and attempt to take over the property.  If this does happen, Plaintiff will have an opportunity to attempt to recover compensatory damage for its losses, and the residents of the facility will be able to continue to live there under the new management.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for a temporary restraining order, without prejudice to Plaintiff filing a noticed motion for a preliminary injunction if appropriate.

IT IS SO ORDERED.

Dated: 12/11/06



CLAUDIA WILKEN
United States District Judge

5

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO CARE CENTER, a California Limited Partnership,<br><br>        Plaintiff,<br><br>    v.<br><br>ALPHONSO JACKSON, in his capacity as Secretary of the United States Department of Housing and Urban Development,<br><br>        Defendant.<br>_____ / | No. C 06-7444 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER |

    Plaintiff San Francisco Care Center (SFCC), a California Limited Partnership that owns and operates an assisted living facility, has filed an ex parte application for a temporary restraining order, seeking to prevent Defendant the Department of Housing and Urban Development (HUD) from selling the mortgage on Plaintiff's property.[1]  Defendant opposes the application.  Having

---

    [1] On December 6, 2006, HUD accepted sealed bids for the note on SFCC's property.  Pursuant to an agreement between the parties, HUD will not award the sale of the note to the highest bidder until Tuesday, December 12, 2006.

considered the parties' papers, the Court DENIES Plaintiff's application for a temporary restraining order.

BACKGROUND

In June, 2002, SFCC borrowed money from a private lender to purchase the property and to build an assisted living facility. HUD insured the loan pursuant to its Nursing Home Program, Title 12 U.S.C. § 1715w. Construction of the facility began in July, 2002. Plaintiff alleges that HUD "actively interfered with and negatively impacted the construction process." Complaint at 1. Construction was completed and the facility is now occupied by senior citizens. However, Plaintiff alleges that only two-thirds of the facility is habitable because of construction defects. Its action against the construction company for those defects is set for trial in San Francisco Superior Court on May, 2007.

Beginning in 2005, the lender began increasing the amount Plaintiff needed to deposit into escrow to cover increased taxes, which Plaintiff disputed. The amount varied from month to month, and Plaintiff disputed the amount several times. Plaintiff refused to pay one amount in November, 2005 and another in April, 2006. Although Plaintiff did not pay the additional amount, it paid the remainder of its obligation on the loan. After Plaintiff refused to pay the April, 2006, $25,000 amount into escrow and HUD refused to waive Plaintiff's obligation, the lender informed Plaintiff that the loan was in default and would be assigned to HUD. HUD accepted the assignment of the loan on May 24, 2006.

SFCC alleges that at the time the loan was assigned to HUD, it "had paid all amounts actually assessed by the City and County of

2

San Francisco for the property, so there was no delinquency in the actual tax assessment." Reply at 3-4. Rather, the delinquency was based on the lender's valuation of the newly constructed building and estimated tax increase. Plaintiff alleges that the lender never communicated the increased valuation to it. Since the loan has been assigned to HUD, Plaintiff has not made any payments. However, payments have been taken from Plaintiff's Reserve for Replacement account.

Plaintiff alleges that "the assessment of an[] additional $25,000 for taxes was improper and was not a legitimate basis on which to declare a default in the Note and Deed of Trust and trigger an assignment of the Note and Deed of Trust to HUD." Reply at 5. Therefore, Plaintiff argues that HUD's decision to accept the assignment of the loan "was arbitrary and capricious because it was not based on any legitimate 'default' but rather on a default which had been fabricated by the Lender." Id.

HUD accepted sealed bids on the note and deed of trust on Friday, December 6, 2006, and will accept the highest bid on Tuesday, December 11, 2006, absent a TRO. Plaintiff argues that it will suffer irreparable harm if Defendant is allowed to sell the loan, based in part on its allegation that several of those who have visited the facility in anticipation of bidding on the loan have stated that they intend to foreclose the loan and take over operation of the facility.

LEGAL STANDARD

A temporary restraining order may be issued only if "immediate and irreparable injury, loss, or damage will result to

3

the applicant" if the order does not issue. Fed. R. Civ. P. 65(b). To obtain a temporary retraining order, Plaintiff must establish either: (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions regarding the merits exist and the balance of hardships tips sharply in its favor. See Baby Tam & Co. v. City of Las Vegas, 154 F.3d 1097, 1100 (9th Cir. 1998); Rodeo Collection, Ltd. v. West Seventh, 812 F.2d 1215, 1217 (9th Cir. 1987).

DISCUSSION

Putting aside the question of Plaintiff's likelihood of success on the merits, Plaintiff has not demonstrated any irreparable harm that will come from the assignment of the loan. Plaintiff argues that if the loan is sold and if the party that purchases the loan acts to foreclose the loan and to take over operation of the facility, it "will result in a major monetary loss for SFCC and the loss of a project which has taken years to develop and which now serves San Francisco's senior citizens in need of assisted living facilities." Reply at 9. However, the Ninth Circuit has held that "[m]ere financial injury . . . will not constitute irreparable harm if adequate compensatory relief will be available in the course of litigation." Goldie's Bookstore, Inc. v. Superior Court, 239 F.2d 466, 471 (9th Cir. 1984) (citations omitted).

Plaintiff's interest in the property is commercial. Further, Plaintiff has itself described the result of a sale as a "major monetary loss." The Court finds that adequate compensatory relief will be available to Plaintiff if it proceeds against HUD in

4

1  litigation and ultimately prevails.  Further, Plaintiff's alleged
2  injury is based on its unsubstantiated belief that the entity that
3  purchases the loan will indeed foreclose on the loan and attempt to
4  take over the property.  If this does happen, Plaintiff will have
5  an opportunity to attempt to recover compensatory damage for its
6  losses, and the residents of the facility will be able to continue
7  to live there under the new management.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for a temporary restraining order, without prejudice to Plaintiff filing a noticed motion for a preliminary injunction if appropriate.

IT IS SO ORDERED.

Dated: 12/11/06



CLAUDIA WILKEN
United States District Judge

5